Matter of the estate of PETER G. DOREMUS, deceased.

An order of distribution of an estate was made in December, 1867. One distributee was absent, and, on the presumption of his death, his next of kin applied for his share, but the administrator refused to pay it over, and no compulsory proceedings were taken against him. The administrator retained the share ready for payment until April, 1877, when he deposited it in a savings bank, where it drew six per cent. interest. Shortly afterwards, he withdrew it and applied it all to his own use. The distributee appeared in 1878, and in proceedings against the administrator's sureties—*Held*, that they must pay interest on the share at six per cent., after and during its deposit, and at seven per cent. (the legal rate) from the time of its withdrawal until July 4th, 1878, and at six per cent. (the legal rate from that time) subsequently.

*Mr. W. Prall*, for the distributee.

*Mr. T. D. Hoxsey*, for the sureties of the administrator.

THE ORDINARY.

Upon an assessment of the damages upon an administrator's bond, the question is raised as to the amount of interest which shall be collected on an unpaid distributive share of the estate, which is the only outstanding obligation secured by the bond. The order of distribution was made in December term, 1867. The administrator appears, by the testimony, to have kept the money for the share in question either in his own custody at home or on deposit in bank, ready to be paid over, up to the time, April 20th, 1877, when he deposited it in a savings bank in Paterson, where it drew interest at the rate of six per cent. per annum. He drew part of the money out of that bank No-

vember 30th, 1877, part of it April 1st, 1878, and the rest on the 5th of that month, and applied all of it to his own use. He is chargeable with interest from the time when he made the deposit in the savings bank, at six per cent. per annum, up to the time of drawing it out; at seven from that time up to the 4th of July, 1878, and at six per cent. from that date. It appears that the distributee to whom the share belonged, and to whom the administrator was, by the order of the orphans court, directed to pay it, did not appear until within the last two years, and it was alleged by his next of kin that he was dead. They applied to the administrator for the payment of the money to them as next of kin, and threatened him with legal proceedings for the recovery of it. He refused to pay it over to them, however, but held it ready to be paid to the person or persons entitled to it. No proceedings were ever taken against him to recover the money by those who claimed it as next of kin.